IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL TREGLIA,

        Plaintiff,          No. CIV S-09-352 KJM P

        vs.

DIRECTOR OF CALIFORNIA
DIRECTOR OF CORRECTIONS,
et al.,

        Defendants.         <u>ORDER</u>

        Plaintiff is a state prison inmate proceeding pro se with a civil rights action challenging his gang validation and subsequent placement in segregated housing. Several motions are pending before the court.

I. <u>Motion For Injunctive Relief</u>

        Plaintiff has filed a motion for a preliminary injunction asking that the court order him transferred from Pelican Bay State Prison to one of three different security housing units. He bases his request on the alleged lack of appropriate care for his mental illness at Pelican Bay.

        Plaintiff has not shown the necessary connection between his complaint and the relief he seeks in the preliminary injunction:

/////

1

> A preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally. A district court should not enter an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit.

Kaimowitz v. Orlando, 122 F.3d 41, 43 (11th Cir. 1997); see also Omega World Travel v. Trans World Airways, 111 F.3d 14, 16 (4th Cir. 1997) ("The purpose of interim equitable relief is to protect the movant, during the pendency of the action, from being harmed or further harmed in the manner in which the movant contends it was or will be harmed through the illegality alleged in the complaint"). If the plaintiff does not show the requisite relationship between the issues in the complaint and the relief sought in the injunction, the court should not consider the factors for the issuance of preliminary relief. In re Microsoft Antitrust Litigation, 333 F.3d 517, 526 (4th Cir. 2003).

II. Motion For The Appointment Of Counsel

Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

III. Motion For Referral To Early Settlement

Plaintiff seeks a referral for an early settlement conference. Defendants have not yet appeared in this case, so any referral for settlement is premature.

IT IS THEREFORE ORDERED that:

1. Plaintiff's request for a preliminary injunction (docket no. 15) is denied;

///

    2.  Plaintiff's motion for the appointment of counsel (docket no. 17) is denied without prejudice; and

    3.  Plaintiff's motion for referral for early settlement (docket no. 16) is denied without prejudice.

DATED: September 14, 2009.

_____
U.S. MAGISTRATE JUDGE

2

treg0352.inj